CASE 61—INDICTMENT—SEPTEMBER 27.

# Jones vs. Commonwealth.

**APPEAL FROM JEFFERSON CIRCUIT COURT.**

On the trial of one jointly indicted with another for obtaining money by false pretenses, a confession made by such other, after the act, is not legal evidence against the defendant, there being no proof of a combination to prosecute indefinitely that sort of enterprise.

JACKSON & THORPE, for appellant, cited 2 *Archb. Crim. Law,* pp. 628, 630; 1 *Greenleaf,* 111.

JOHN M. HARLAN, Attorney General, for Commonwealth.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On a separate trial of the appellant, upon a joint indictment against himself and one John Edwards, alias Keily, *alias Woods,* charging that they had fraudulently and feloniously obtained $57 50 from James Brown, in the city of Louisville, by false pretenses, the appellant was found guilty and sentenced to the penitentiary; and he seeks a reversal of the judgment on the ground of imputed error in admitting, against his protest, a letter from Edwards to a brother, indicating that he (Edwards) and some other person were combined in a general conspiracy to make money by swindling. The date of the letter was that of the act charged in the indictment, but circumstances import that it was written after the act was done, as well as that the appellant was the associate alluded to.   Independently of the letter, there was strong circumstantial evidence of the joint act of spoliation as charged, but no sufficient proof of a combination to prosecute indefinitely that mode of making money.   Had there been proof of any such professional and continuing enterprise, each conspirator would have been responsible for all the criminal acts of the other in that line, and a confession by either, during the partnership, would have been admissible evidence against both.   But, without such proof in this case, this court cannot presume a general conspiracy, or any other

than that of defrauding Brown; and, after the consummation of that object, the partnership máy be presumed to have ceased, and, therefore, no declaration subsequently made by Edwards could be competent testimony against his former associate in crime for the purpose of proving a general combination as a livelihood, or any other act or fact.

The argument, that, independently of the letter, the jury ought to have convicted the appellant, and would, therefore, have found him guilty, cannot be heeded by this court, which cannot judicially know what effect the letter had in moulding the verdict.

Consequently, we adjudge that the circuit court erred in admitting the letter as evidence, and, therefore, reverse the judgment of conviction, and remand the case for a new trial.